UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
COURT FILE NO: CV-

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| TRINITY LOGISTICS, INC., ) | |
| a Delaware corporation, ) | |
| ) | |
| TRINITY LOGISTICS HOLDINGS LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| PINKERTON CONSULTING AND ) | |
| INVESTIGATIONS, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

COMPLAINT

I.  **JURISDICTION AND VENUE**

1. Jurisdiction arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. (specifically 15 U.S.C. § 1681(p)), and 28 U.S.C. § 1367 for pendent state law claims.

2. Trinity Logistics, Inc., is a Delaware corporation subject to personal jurisdiction in the State. Trinity Logistics Holdings, LLC is a Delaware limited liability company subject to personal jurisdiction in the State. Pinkerton Consulting & Investigations, is a Delaware limited liability company subject to personal jurisdiction in the State.

3. Venue is proper in this District under 13 U.S.C. § 1391(b)(1) or (b)(2), because a substantial portion of the acts giving rise to this litigation occurred within this District, Plaintiff resides here and Defendants transact business here.

## II. PARTIES

4. Plaintiff, Jane Doe ("Plaintiff"), is a natural person residing in Sussex County, Delaware and is a "consumer" as that term is defined by 15 *U.S.C.* § 1681a(c) and/or a person affected by a violation of the FCRA with standing to bring a claim under 15 U.S.C. §§ 1681n, 1681o, 1681p.

5. Defendant Pinkerton Consulting & Investigations, also known as Pinkerton and/or Pinkerton Employment Screening, provided a consumer report for establishing Plaintiff's eligibility for "employment purposes." 15 U.S.C. §§ 1681a(d)(1)(B), 1681b.

6. Defendant Pinkerton Consulting & Investigations ("Pinkerton") is an entity which, for monetary fees, regularly engages in assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and which uses interstate commerce for the purpose of preparing or furnishing these reports. As such, it is a consumer reporting agency (CRA) within the meaning of the FCRA.

7. Defendants Trinity Logistics and Trinity Logistics Holding are employers who solicited and obtained consumer reports from Defendant Pinkerton for employment purposes.

8. Trinity Logistics, Inc. ("Trinity") is a Delaware corporation with its principal place of business located in Seaford, Delaware, and whose Registered Agent for service of process is listed with the Delaware Secretary of State as Jeff Banning, 1201 Bridgeville Highway, Seaford, Delaware 19973, and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and, on behalf of each other.

9. Trinity Logistics Holdings LLC ("Trinity Holdings") is a Delaware limited liability company with its principal place of business located in Delaware and whose Registered

Agent for service of process is listed with the Delaware Secretary of State as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and, on behalf of each other.

10. Pinkerton Consulting & Investigations is a Delaware corporation with its principal place of business located in 101 N. Main Street, Suite 300, Ann Arbor, Michigan 48104, and its employment screening headquarters at 11019 McCormick Road, Suite 200, Hunt Valley, Maryland 21031, and whose Registered Agent for service of process is listed with the Delaware Secretary of State as National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904, and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and, on behalf of each other.

11. All named Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection and provision of consumer reports for employment purposes.

12. At all times material and relevant hereto, Defendants are individually, jointly and severally liable to Plaintiffs, and or liable through the principles of *respondeat superior*, agency and apparent agency.

### III. FACTUAL ALLEGATIONS

13. Plaintiff applied for a job at Trinity on or about August 6, 2016.

14. Defendant Trinity conducted a first interview of Plaintiff on or about August 10, 2016.

15. Defendant Trinity conducted a second interview of Plaintiff on or about August 19, 2016.

16. On or about August 22, 2016, Defendant Trinity called Plaintiff by phone and offered her a job. That same day, Defendant Trinity emailed a job offer letter to Plaintiff. (See Exhibit A, attached.) The offer of employment stated that the full-time position would start on September 12, 2016, at an hourly rate of $12.

17. Also on August 22, 2016, Plaintiff accepted and signed the offer and sent it back to Defendant Trinity.

18. Also on August 22, 2016, Plaintiff filled out the necessary paperwork, signed it and delivered it to the Trinity office.

19. On August 26, 2016, Plaintiff received a phone call from Hillary Wright of Trinity informing Plaintiff of a background screening report which Trinity had received which listed a criminal conviction.

20. Plaintiff explained that the criminal conviction was improperly reported and should not have been on her record because it had been expunged nearly four years earlier, in October 2012.

21. Ms. Wright of Trinity called Plaintiff back 20 to 30 minutes later, after speaking to a company director, and ended the employment and/or rescinded the offer of employment to Plaintiff.

22. On August 29, 2016, Plaintiff called Ms. Wright at Trinity and stated that she had been entitled to a "Pre-Adverse Action Letter" prior to having the employment terminated and/or having the offer of employment rescinded.

23. On August 31, 2016, five (5) days after taking the adverse action of terminating Plaintiff's employment and/or rescinding the offer of employment that Plaintiff had accepted, Trinity sent Plaintiff via email a letter which purported to be a "Pre-Adverse Action Letter." The alleged "Pre-Adverse Action Letter" contained three attachments: 1) an undated Word document titled "REQUESTED INFORMATION" with the legend, "THE FOLLOWING INFORMATION SHOULD NOT BE USED FOR EMPLOYMENT DECISION PURPOSES" (see Exhibit B, attached); 2) a Pinkerton Employment Screening report requested by Trinity Logistics, bearing the markings: "Received: 8/25/2016" and "Completed 8/26/2016"; and 3) A Summary of Your Rights Under the Fair Credit Reporting Act, with New York State Correction Law notice.

24. On August 31, 2016, Plaintiff called Pinkerton to say that her employment screening which had been sent to Trinity contained an inaccuracy.

25. On September 7, 2016, Trinity sent to Plaintiff via email a "Final Adverse Action Letter." (See Exhibit C, attached.)

26. Also on September 7, 2016, Pinkerton's manager of the dispute department called Plaintiff and stated that Pinkerton's records showed that Plaintiff did not have any criminal convictions.

27. On September 8, 2016, Pinkerton sent to Plaintiff via U.S. Mail a reinvestigation of disputed information contained in Plaintiff's employment background screening report. (See Exhibit D, attached.) The reinvestigation acknowledged that the initial report had been inaccurate and it contained an accurate report which included no criminal charges and/or convictions on Plaintiff's record.

28. Pinkerton's letter indicated that it had sent a copy of the revised report to Trinity.

29. Trinity has not contacted Plaintiff since sending its "Final Adverse Action Letter."

## IV. CAUSES OF ACTION

### - COUNT 1 -
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
15 *U.S.C.* § 1681, *et seq.*
(Plaintiff v. Pinkerton)

30. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

31. Pinkerton supplied to the Trinity Defendants a consumer report for employment purposes regarding Plaintiff that was inaccurate and/or incomplete and/or obsolete and/or not current or up-to-date.

32. Pinkerton supplied to Trinity a Word document regarding Plaintiff which was inaccurate and/or incomplete and/or obsolete and/or not current or up-to-date, and which was "for internal use only" and contained the statement that it was not to be used for "employment related decisions."

33. Pinkerton did not notify Plaintiff of the fact that public record information was being reported by Pinkerton to Trinity at the time the public record information was being reported.

34. Pinkerton did not maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is accurate, complete and up to date.

35. Pinkerton did not maintain strict procedures designed to insure that public record information which was reported about Plaintiff to Trinity was accurate, complete and up to date.

36. Pinkerton violated 15 U.S.C. § 1681k by failing either to notify Plaintiff of its report to Trinity at the time the report was made or to maintain strict procedures to ensure that the information it reported was complete and up to date.

37. Pinkerton violated 15 U.S.C. § 1681k by failing to maintain reasonable procedures to ensure that the information it reported was complete and up to date.

38. Pinkerton reported inaccurate information to Trinity regarding Plaintiff.

39. As a result of Pinkerton's actions, and based on the inaccurate employment screening report, Trinity terminated Plaintiff's employment and/or rescinded an offer of employment to Plaintiff.

40. Plaintiff sustained actual damages, including lost wages, emotional and mental pain, anguish, humiliation, and embarrassment related to the loss of her job and/or job offer and the exposure of private facts.

41. Pinkerton's conduct, action or inaction was willful, rendering it liable for actual, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover costs and attorney's fees from Pinkerton in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

- COUNT 2 -
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
15 *U.S.C.* § 1681, *et seq.*
**(Plaintiff v. Trinity Defendants)**

43. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

44. On August 26, 2016, Trinity Defendants terminated Plaintiff's employment and/or rescinded an offer of employment to Plaintiff based on inaccurate, incomplete, obsolete and/or outdated public records information supplied by a CRA, Pinkerton, pursuant to Trinity's request.

45. Trinity Defendants did not supply a so-called "Pre-Adverse Action Letter" to Plaintiff until August 31, 2016, five (5) days after it took the adverse action described in the preceding paragraph.

46. Trinity supplied Plaintiff with two public records/employment screening reports attached to its so-called "Pre-Adverse Action Letter."

47. Trinity Defendants did not provide Plaintiff with a reasonable amount of time to dispute and/or correct the inaccuracies in the employment screening report(s), because the adverse action had already been taken.

48. Trinity Defendants did not provide Plaintiff with a reasonable amount of time to dispute and/or correct the inaccuracies in the employment screening report(s) before it sent its Final Adverse Action Notice Letter seven days later (including the Labor Day holiday weekend) on September 7, 2016.

49. Plaintiff sustained actual damages, including lost wages, emotional and mental pain, anguish, humiliation, and embarrassment related to the loss of her job and/or job offer and the exposure of private facts.

50. Trinity Defendants' conduct, action or inaction was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trinity Defendants were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

51. Plaintiff is entitled to recover costs and attorney's fees from Trinity Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jane Doe, respectfully demands judgment for compensatory, actual and punitive damages from Defendants, individually, jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems just, equitable and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted,

*/s/Mary Higgins*
Mary Higgins, DE ID No.: 4179
Mary Anne McLane Detweiler, DE ID No.: 3415
University Office Plaza
Commonwealth Building, Suite 201
260 Chapman Road
Newark, DE 19713
(ph) 302-894-4357
(ph) 302-525-6607
(fx) 302-525-6618
mary.higgins@letsbelegal.com
Attorney for Plaintiff Jane Doe

Dated: January 19, 2017