**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JANE DOE, : | |
| Individually and on behalf of all others : | |
| Similarly situated : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| TRINITY LOGISTICS, INC., : | Civil No. 1:17-cv-00053RGA |
| a Delaware corporation, : | |
| : | |
| PINKERTON CONSULTING AND : | |
| INVESTIGATIONS, : | JURY DEMAND |
| a Delaware limited liability company, : | |
| : | |
| Defendants. : | |

**DEFENDANT'S, TRINITY LOGISTICS, INC., REPLY TO THE RESPONSE OF PINKERTON CONSULTING AND INVESTIGATIONS, INC. TO TRINITY'S MOTION TO DISMISS AND/OR STRIKE CLASS CLAIMS**

Defendant, Trinity Logistics, Inc. ("Trinity"), by and through its undersigned counsel, hereby files the instant Reply to the Response of defendant, Pinkerton Consulting and Investigations, Inc. ("Pinkerton"), and in support thereof, states as follows:

1. Pinkerton has opposed Trinity's Motion to Dismiss plaintiff's Second Amended Complaint and/or Strike plaintiff's class claims based upon allegations which are not contained with plaintiff's Complaint.

2. Specifically, Pinkerton argues that the consumer report referenced throughout plaintiff's Second Amended Complaint was not created by Pinkerton.

3. The Second Amended Complaint clearly alleges that this report was created by Pinkerton. For instance, the Second Amended Complaint alleges:

1

a. Trinity purchased an employment-purposed consumer report about Ms. Doe from Pinkerton, which was requested on August 25, 2016, and fulfilled by Pinkerton in accordance with its standard procedures on August 26, 2016. See Exhibit 1 to Def. Mot. at ¶ 63.

b. Pinkerton furnished Ms. Doe's consumer report to both Trinity and to itself. Id. at ¶ 64.

c. On September 8, 2016, Pinkerton sent to Ms. Doe via U.S. Mail a reinvestigation of disputed information contained in Plaintiff's employment-purposed consumer report. (Ex. D). The reinvestigation acknowledged that the initial report was inaccurate and it contained an accurate report, which included no criminal charges or convictions on Ms. Doe's record. Id. at ¶ 88.

4. "[A] court considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may consider only the allegations contained in the pleading to determine its sufficiency." Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co. (U.S.A.), 768 F.3d 284, 290 (3d Cir.2014).  Reliance on facts outside of a complaint "constitute a procedural error under Rule 12(b)(6)." In re Asbestos Prod. Liab. Litig. (No. VI), 822 F.3d 125, 134 (3d Cir. 2016).

5. Here, Pinkerton is attempting to shoe-horn in a factual argument which is not present in plaintiff's Second Amended Complaint.  This is impermissible.  Pinkerton must accept plaintiff's claims at face value and challenge whether they state a claim upon which relief can be granted.

6. Moreover, Pinkerton's Response cannot be converted to a Motion for Summary Judgment, as neither Pinkerton nor Trinity have presently asserted crossclaims against each other.  Thus, the pleadings are not closed for the purposes of summary judgment.  Further, there

has not been appropriate briefing on a Motion for Summary Judgment because Trinity has not had the benefit of extrinsic evidence in its Motion.

7. Additionally, Pinkerton's Response is untimely for the reasons set forth in plaintiff's Motion to Strike. See D.I. 54.

WHEREFORE, defendant, Trinity Logistics, Inc., respectfully requests that this Honorable Court grant its Motion to Dismiss plaintiff's Second Amended Complaint and/or Strike plaintiff's class claims.

**LITCHFIELD CAVO LLP**

/s/ Michael C. Heyden, Jr.
Michael C. Heyden, Jr.
DE Bar No. 5616
1515 Market Street, Ste 1220
Philadelphia, PA 19103
heyden@litchfieldcavo.com
Attorneys for defendant,
Trinity Logistics, Inc.

-and

THE LAW OFFICES OF
MICHAEL C. HEYDEN.
Michael C. Heyden
DE Bar No. 2040
1201 N. King Street
Wilmington, DE 19801
mcheyden@aol.com
(302)654-0789
Attorneys for defendant,
Trinity Logistics, Inc.