IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JANE DOE,
Individually and on behalf of all others similarly situated

　　　　Plaintiffs,

v.

TRINITY LOGISTICS, INC., et al.

　　　　Defendants.

Civil Action No. 17-053-RGA

## **MEMORANDUM ORDER**

The Magistrate Judge has filed a Report and Recommendation (D.I. 61), which recommends Defendants' motions to dismiss and/or strike class claims (D.I. 46, 47) be denied, Defendant Trinity Logistics' motion to dismiss the individual claim (D.I. 47) be granted, and Plaintiff's motion to strike Defendant Pinkerton's motion to join motion to dismiss, or in the alternative, deny motion and construe as a reply (D.I. 54) be denied. Plaintiff filed one objection (D.I. 63) and Defendants each filed objections (D.I. 64, 65) to which Plaintiff has responded. (D.I. 66, 67). I review the objections to the Report and Recommendation *de novo*. *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). For the reasons that follow, I overrule Plaintiff's objection (D.I. 63) and Defendants' objections (D.I. 64, 65) and adopt the Magistrate Judge's Report and Recommendation in whole.

1

## I. BACKGROUND

Plaintiff brings this action on behalf of herself and of the "Notice Class" of which she is a member, against Trinity Logistics, Inc. and Pinkerton Consulting and Investigations for violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii), 1681k(a)(1), 1681c(a), 1681b(f), 1681e(a) and 1681e(b). (D.I. 38 at 21-30). Plaintiff alleges defendants violated the FCRA by failing to provide pre-adverse action notice before Trinity terminated Plaintiff's employment, relying on a consumer report generated by and provided to Trinity by Pinkerton. (*Id.* at 1-2). Plaintiff applied for a job at Trinity on August 6, 2016 by completing an employment application, consumer report authorization, and release form. (*Id.* at 10). Plaintiff was offered a position at Trinity and accepted the position on August 22, 2016. (*Id.*) As part of a contractual relationship between Defendants, Pinkerton generates employment-purposed consumer reports for Trinity to use in its hiring process. (*Id.* at 7). These consumer reports are customizable and often include federal, state, and county criminal records, federal and state civil records, and credit checks. (*Id.* at 3). On August 25, 2016, Trinity received a consumer report from Pinkerton regarding Plaintiff that was "flagged" as containing a criminal record. (*Id.* at 11-12). The criminal record was inaccurate, as it contained a criminal record from Maryland that was expunged four years before the consumer report was furnished. (*Id.* at 12; D.I. 50-1 Ex. A). On August 26, 2016, Plaintiff was notified that Trinity had received a consumer report that contained a criminal conviction, and although she explained that the report was inaccurate, Plaintiff was still terminated the same day. (D.I. at 12-13). In her second amended complaint, Plaintiff filed class action and individual claims against both Defendants. (*Id.* at 5-7). The second amended complaint alleges her termination was an adverse action, and pursuant to

15 U.S.C. §§1681b(b)(3)(A)(i) and (ii), defendants had a duty to provide Plaintiff with pre-adverse action notice, but they did not provide her with a copy of the consumer report or a Summary of Rights prior to her termination. (*Id.* at 21-24). Plaintiff further alleges Pinkerton violated §1681(k)(a)(1) for failure to provide "at the time" notice, §1681c(a) for providing obsolete information, §1681e(a) for providing employment-purposed consumer report without a permissible purpose and §1681e(b) for failure to ensure maximum possible accuracy. (*Id.* at 24-26, 28-30). Finally, Plaintiff claims Trinity violated §1681b(f) for obtaining or using an employment-purposed consumer report without a permissible purpose. (*Id.* at 26-27).

## II. LEGAL STANDARDS

In conformance with D. Del. LR 72.1(b), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. §636(b)(1)(C), and the "judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## III. ANALYSIS

### a. Objection 1

Plaintiff moves to strike a sentence in the Report and Recommendation regarding the legal standard used in the analysis of 15 U.S.C. §1681b(b)(3). (D.I. 63). This objection is irrelevant as it has no bearing on any issue presently in dispute.

### b. Objection 2

3

Defendant Pinkerton makes two objections to the Magistrate Judge's conclusion that Pinkerton's motions to dismiss fail as to §1681b(b)(3)(A)(i) and (ii) (D.I. 64 at 2) and that Plaintiff cannot obtain actual damages under the class claims (*Id.* at 5).

First, Pinkerton claims that the duties imposed by the aforementioned provisions, which state, "in using a consumer report for employment purposes, before taking any adverse action . . . the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . ." do not apply to it because it is not a "user" of the consumer reports. (*Id.* at 3; quoting 15 U.S.C.A. §1681b(b)(3)(A)). Plaintiff argues Pinkerton violated §1681b(b)(3)(A) when it "flagged" Plaintiff's consumer report as containing an adverse criminal record. (D.I. 64 at 3). According to Plaintiff, this was a "use" under the meaning of the term in §1681b(b)(3)(A) because Pinkerton knowingly "flagged" the report as one that could yield adverse employment decisions subject to Trinity's hiring criteria. (D.I. 38 at 5). Further, Plaintiff alleges Pinkerton operated "as both the consumer reporting agency generating the background check as well as the agent of the employer to execute all decisions based on the information contained therein." (*Id.*) Pinkerton contests this allegation, arguing that the duty imposed by §1681b(b)(3)(A) falls on "the person who obtains the report from the agency – the user, not the [consumer reporting agency]." (D.I. 64 at 3). Pinkerton claims that Trinity did not delegate any employment decision-making responsibility to Pinkerton, and thus Pinkerton cannot be considered a "user" of the consumer report pursuant to the aforementioned provisions. (*Id.* at 4).

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the

4

claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). Plaintiff has sufficiently pled allegations about the nature of the relationship and shared decision-making responsibility between Pinkerton and Trinity that, viewed in the light most favorable to the Plaintiff, satisfies the pleading standard. Thus, Pinkerton's objection lacks merit.

Second, Pinkerton argues Plaintiff's class claims should be stricken because Plaintiff should not be allowed to claim actual damages in the class claims. (D.I. 64 at 5). Pinkerton contends that the calculation of actual damages in a class action suit would prove too onerous for the Court to determine. (*Id.*) In Plaintiff's response to Pinkerton's objection (D.I. 66), Plaintiff states she is not claiming actual damages under the class claims. Thus, Pinkerton's objection is moot.

   c. **Objection 3**

Defendant Trinity makes one objection (D.I. 65) to the Magistrate Judge's conclusion that Trinity's motions to dismiss fail as to §1681b(b)(3)(A)(i) and (ii). Trinity argues Plaintiff's class claims should be stricken because Plaintiff should not be allowed to claim actual damages from class action claims. (*Id.*) Because Plaintiff has stated in her response to Trinity's objections (D.I. 67) that she is not claiming actual damages under the class claims, Trinity's objection is moot.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's objection (D.I. 63) is **OVERRULED**; Defendants' objections (D.I. 64, 65) are **OVERRULED**. The Report and Recommendation (D.I. 61) is **ADOPTED**. Defendants' motions to dismiss and/or strike class claims (D.I. 46, 47) are **DENIED**. Defendant Trinity's motion to dismiss the individual claim (D.I. 47) is **GRANTED**. Plaintiff's motion to strike Defendant Pinkerton's motion to dismiss, or in the alternative, deny motion and construe as a reply (D.I. 54) is **DENIED**.

Entered this 5 day of June, 2018.

Richard G. Andrews
United States District Judge