## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANE DOE, | : | |
| Individually and on behalf of all others | : | |
| Similarly situated | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRINITY LOGISTICS, INC., | : | Civil No. 1:17-cv-00053RGA |
| a Delaware corporation, | : | |
| | : | |
| PINKERTON CONSULTING AND | : | |
| INVESTIGATIONS, | : | JURY DEMAND |
| a Delaware limited liability company, | : | |
| | : | |
| Defendants. | : | |

## TRINITY LOGISTICS, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM

Defendant, Trinity Logistics, Inc. ("Trinity"), by and through its undersigned counsel, hereby Answers Plaintiff's Complaint, and asserts Affirmative Defenses and Crossclaim as follows:

1.      The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

2.      Denied.

3.      Allegations of employment-purposed consumer reports  are conclusions of law to which no responsive pleading is required.  All remaining allegations are denied.

4.      Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

5.      Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

6.      Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

7.      Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

8.      Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

9.      Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

10.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

11.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

12.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

13.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

14.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

15.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

16.     Admitted.

17.     Denied.

18.     Admitted.

19.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

20.     Allegations of employment-purposed consumer reports and allegations related to Trinity's obligations under the FCRA are conclusions of law to which no responsive pleading is required.  Trinity admits that it did, under certain circumstances, obtain Criminal Background

Checks from Pinkerton pursuant to the agreement attached hereto as Exhibit 1.  Trinity denies any characterization of that agreement or those Criminal Background Checks.

21.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

22.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

23.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

24.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

25.     Allegations of agency and "mandatory FCRA notices" are conclusions of law to which no responsive pleading is required.  Trinity admits that it did, under certain circumstances, obtain Criminal Background Checks from Pinkerton pursuant to the agreement attached hereto as Exhibit 1.  Trinity denies any characterization of that agreement or those Criminal Background Checks.

26.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

27.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.  All remaining allegations are denied.

28.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

29.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

30.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

31.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

32.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

33.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

## PARTIES

34.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

35.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

36.     Admitted.

37.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

38.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

39.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

## JURISDICTION AND VENUE

40.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

41.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

## GENERAL FACTUAL ALLEGATIONS

42.     Allegations pertaining to employment-purposed consumer reports are conclusions of law to which no responsive pleading are required.  Trinity admits that a Criminal Background

Check pertaining to Plaintiff was supplied to it by Pinkerton. Trinity denies any characterizations of this Criminal Background Check as, despite a reasonable investigation, Trinity is without knowledge or information to respond to those characterizations. All remaining allegations are denied.

43.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

44.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

45.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

46.     Allegations of employment-purposed consumer reports are conclusions of law to which no responsive pleading are required. Trinity admits that it is a party to the agreement attached to this Answer as Exhibit 1. Trinity denies any characterization of that agreement as the authenticity and import of that agreement is to be determined by the finder of fact.

47.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

48.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

49.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

50.     Denied as to Trinity.

51.     Denied as stated. Trinity admits that it did, under certain circumstances, obtain Criminal Background Checks from Pinkerton pursuant to the agreement attached hereto as

Exhibit 1.  Trinity denies any characterization of that agreement or those Criminal Background Checks as, despite a reasonable investigation, Trinity is without knowledge or information sufficient to respond to such characterizations.  Trinity is similarly without knowledge or information sufficient to form a belief as to Pinkerton's practices with other entities.  All remaining allegations are denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied as to Trinity.  As to the allegations pertaining to Pinkerton, despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

56.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

### THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

57.     Admitted.

58.     Admitted.

59.     Denied as stated.  It is admitted that a conversation took place between Hillary Wright and Plaintiff on the date stated, and that a conditional offer of employment was discussed.  It is further admitted that the document identified as Exhibit A was transmitted to

Plaintiff on the date stated.  The ultimate import of that document is to be determined by the finder of fact and Trinity objects to any characterization of that document.

60.     Admitted with the caveat that Trinity denies that any purported job offer was unequivocal or not conditional.

61.     It is admitted that Plaintiff completed forms and executed documents and sent them to Trinity on this date.  All remaining allegations are denied.

62.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

63.     Allegations of employment-purposed consumer reports are conclusions of law to which no responsive pleading is required.  By way of further response, it is admitted only that a Criminal Background Check pertaining to Plaintiff was prepared by Pinkerton for Trinity. Trinity objects to any characterization of that Criminal Background check.   Any remaining allegations are denied.

64.     Allegations of consumer reports and agency are conclusions of law to which no responsive pleading is required.  By way of further response, Trinity was made aware of certain criminal convictions pertaining to Plaintiff in a document that was prepared by Pinkerton and transmitted to Trinity on or around the date indicated in this paragraph.  Trinity objects to any characterization of that document.

65.     Allegations of consumer reports and adverse employment actions are conclusions of law to which no responsive pleading is required.  As to the remaining allegations, those are admitted in part and denied in part.  It is admitted only that Trinity is a party to an agreement

with Pinkerton attached hereto as Exhibit 1. As to the allegations pertaining to Pinkerton, despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.  Any remaining allegations are denied.

66.    The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

67.    Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

68.    Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

69.    Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

70.    Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding

paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

71.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

72.     The authenticity and import of the document referenced in this paragraph is to be determined by the finder of fact.

73.     Admitted.

74.     Admitted.

75.     Denied.

76.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

77.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

78.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

79.    Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

80.    Admitted.

81.    Allegations of adverse action are conclusions of law to which no responsive pleading is required.  Trinity admits that it transmitted the document identified as Exhibit B to the Plaintiff on or about the date stated in the Complaint.  Trinity denies any characterization of that document as its import is to be determined by the finder of fact.  Any remaining allegations are denied.

82.    Denied.

83.    The authenticity and ultimate import of the documents identified as Exhibit B is to be determined by the finder of fact.  Trinity objects to any characterization of said document.

84.    Denied as to Trinity.  As to the allegations pertaining to Pinkerton, despite a reasonable investigation, Trinity is without knowledge or information to form a belief as to the truth of those allegations.

85.    Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

86.    It is admitted that the document identified as Exhibit C was transmitted to Plaintiff on or about the date stated.  Trinity denies any characterization of that document as its import is to be determined by the finder of fact.

87.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

88.     It is admitted that the document identified as Exhibit D was transmitted to Plaintiff on or about the date stated. The authenticity and ultimate import of the documents identified as Exhibit D is to be determined by the finder of fact.   Trinity objects to any characterization of said document.

89.     The authenticity and ultimate import of the documents identified as Exhibit D is to be determined by the finder of fact.   Trinity objects to any characterization of said document.

90.     Denied as stated.  Trinity denies that it terminated Plaintiff's employment.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

95.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

96.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

97.     Allegations of consumer reports are conclusions of law to which no responsive pleading is required.   To the extent a responsive pleading is deemed required to allegations pertaining to a consumer report, those allegations are denied.   By way of further response, Trinity admits this paragraph in part and denies it in part.   It is denied that Trinity knew Pinkerton disclaimed the accuracy of its Criminal Background Checks, or that Trinity knew Pinkerton would disclaim the accuracy of Plaintiff's Criminal Background Checks.   All remaining allegations related to Trinity are denied.   As to any allegations relating to Pinkerton, despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of those allegations.

98.     The disclosure and authorization form referenced in this paragraph is a document which speaks for itself.   The authenticity and legal import of any such document is to be determined by the finder of fact.   Trinity objects to any characterization of said document.

99.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof at the time of trial.

100.    Denied.

101.    Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of Plaintiff's Complaint.

## CLASS ACTION ALLEGATIONS

### PLAINTIFFS' PROPOSED CLASSES

102.    The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

103.    This paragraph does not contain a factual allegation and therefore Trinity makes no response.  Except as expressly admitted, Trinity denies each and every remaining allegation.

104.    This paragraph does not contain a factual allegation and therefore Trinity makes no response.  Except as expressly admitted, Trinity denies each and every remaining allegation.

105.    This paragraph does not contain a factual allegation and therefore Trinity makes no response.  Except as expressly admitted, Trinity denies each and every remaining allegation.

106.    This paragraph does not contain a factual allegation and therefore Trinity makes no response.  Except as expressly admitted, Trinity denies each and every remaining allegation.

107.    This paragraph does not contain a factual allegation and therefore Trinity makes no response.  Except as expressly admitted, Trinity denies each and every remaining allegation.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

### COUNT ONE – CLASS CLAIM AGAINST TRINITY & PINKERTON
**Failure to Provide Pre-Adverse Action Notice – Copy of Report**
**15 U.S.C. § 1681b(b)(3)(A)(ii)**

117.    Trinity incorporates by reference the preceding paragraphs of its Answer as though the same were more fully set forth at length herein.

118.    The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

119.    The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, those allegations are denied.

120.    Denied as to Trinity.  As to the allegations pertaining to Pinkerton, despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of those allegations.

121.    Denied.

122.    Denied.

123.    Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

124.    The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

125.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

126.     Denied as to Trinity.   As to the allegations pertaining to Pinkerton, despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of those allegations.

127.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

### COUNT TWO – CLASS CLAIM AGAINST TRINITY & PINKERTON
**Failure to Provide Pre-Adverse Action Notice – Summary of Rights**
**15 U.S.C. § 1681b(b)(3)(A)(ii)**

128.     Trinity incorporates by reference the preceding paragraphs of its Answer as though the same were more fully set forth at length herein.

129.     Denied.

130.     Denied.

131.     Despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

132.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

133.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

134.     Denied as to Trinity.   As to the allegations pertaining to Pinkerton, despite a reasonable investigation, Trinity is without knowledge or information sufficient to form a belief as to the truth of those allegations.

135.     The allegations contained within the corresponding paragraph are conclusions of law to which no responsive pleading is required.

## COUNT THREE CLASS CLAIM AGAINST PINKERTON

### Failure To Provide "At The Time" Notice – 15 U.S.C. § 1681k(a)(1)

136.     Trinity incorporates by reference the preceding paragraphs of its Answer as though the same were more fully set forth at length herein.

137.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

138.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

139.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

140.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

141.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

142.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

143.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

144.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

## COUNT FOUR – CLASS CLAIM AGAINST PINKERTON
### Obsolete Information – 15 U.S.C. § 1681c(a)

145.     Trinity incorporates by reference the preceding paragraphs of its Answer as though the same were more fully set forth at length herein.

146.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

147.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

148.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

149.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

150.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

151.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

152.     The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

## COUNT FOUR – INDIVIDUAL CLAIM AGAINST TRINITY
### Obtaining or Using Employment-Purposed Consumer Report without a Permissible Purpose – 15 U.S.C. § 1681b(f)

153.     Trinity incorporates by reference the preceding paragraphs of its Answer as though the same were more fully set forth at length herein.

154.     This Count has been stricken by Court Order.

155.     This Count has been stricken by Court Order.

156.   This Count has been stricken by Court Order.

157.   This Count has been stricken by Court Order.

158.   This Count has been stricken by Court Order.

159.   This Count has been stricken by Court Order.

160.   This Count has been stricken by Court Order.

161.   This Count has been stricken by Court Order.

162.   This Count has been stricken by Court Order.

163.   This Count has been stricken by Court Order.

164.   This Count has been stricken by Court Order.

## COUNT SIX – CLASS CLAIMS AGAINST PINKERTON
### Providing Employment-Purposed Consumer Report without a Permissible Purpose – 15 U.S.C. § 1681a(a)

165.   Trinity incorporates by reference the preceding paragraphs of its Answer as though the same were more fully set forth at length herein.

166.   The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

167.   The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

168.   The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

169.   The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

170.   The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

171.    The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

172.    The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

173.    The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

174.    The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

175.    The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

### COUNT SEVEN – INDIVIDUAL CLAIM AGAINST PINKERTON
**Failure To Ensure Maximum Possible Accuracy – 15 U.S.C. § 1681e(b)**

176.    Trinity incorporates by reference the preceding paragraphs of its Answer as though the same were more fully set forth at length herein.

177.    The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

178.    The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

179.    The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

180.    The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

181.    The allegations contained within this paragraph are not directed to Trinity.  To the extent any allegation in this paragraph pertains to Trinity, it is denied.

WHEREFORE, Trinity, Trinity Logistics, Inc., demands judgment in its favor and dismissal of Plaintiff's Complaint together with costs, fees, and whatever such relief as this Honorable Court deems just and proper.

### FIRST AFFIRMATIVE DEFENSE

1.    The Second Amended Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff has suffered no damages as a result of any alleged act or omission of Trinity, and even if Plaintiff has suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate said damages or injuries, if any.

### THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff has no standing to bring some or all of the claims which are therefore barred.  Plaintiff also lacks standing to serve as an adequate class representative.

### FOURTH AFFIRMATIVE DEFENSE

4.    Trinity alleges that the conduct and/or violations of law alleged against Trinity are not sufficient to be "willful."

### FIFTH AFFIRMATIVE DEFENSE

5.    As a separate and distinct affirmative defense, Trinity alleges that the claims of the named Plaintiff is not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class or collective action.

### SIXTH AFFIRMATIVE DEFENSE

6.    As a separate and distinct affirmative defense, Trinity alleges that the claims of the named Plaintiff are adverse to the interests and desires of the members of the putative class and therefore this action is not properly maintained as a class or collective action.

## SEVENTH AFFIRMATIVE DEFENSE

7.     The claims and interests of Plaintiffs, and Trinity's defenses thereto, are not typical of the putative claims or related defenses of the putative class as a whole, and Plaintiff is not a suitable class representative.   Therefore, Plaintiff cannot satisfy the prerequisites for a class action set forth in Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

8.     There are not questions of law or fact common to the putative class; rather, individualized questions of law and fact predominate over any semblance of common question. In addition, the proof particular to each putative class member's claims and the defenses thereto will vary widely.   Therefore, Plaintiff cannot meet the prerequisites for a class action set forth in Rule 23 of the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

9.     This case is not properly maintained as a class or collective action because the prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications or adjudications that, as a practical matter, would be dispositive of the interests of other members not parties to the action.

## TENTH AFFIRMATIVE DEFENSE

10.     This action is not properly maintained as a class or collective action because concentrating the litigation of the claims of the putative class, as to which individualized facts and proof will predominate, in one particular forum is not desirable.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     This case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class or collective action.

## TWELFTH AFFIRMATIVE DEFENSE

12.     As applied to this case, Rule 23 of the Federal Rules of Civil Procedure fails to provide adequate due process protections inasmuch as it constitutes trial by formula and unfairly restricts Trinity's' right to litigate affirmative defenses to the individual claims of Plaintiff and

each member of the putative class and therefore denies Trinity the protection of the Due Process Clause of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    As a separate and distinct affirmative defense, as a matter of constitutional right and substantive due process, Trinity would be entitled to contest by jury trial its liability to any particular individual plaintiff, even if the representatives of the purported plaintiff class prevail on their claims. Trying this case as a class action would violate the United States and Delaware Constitutions.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    As a separate and distinct affirmative defense, any attempt to require Trinity to identify, locate or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    To the extent Plaintiff and/or the purported class members claim Trinity willfully violated the FCRA, which Trinity denies, any violation was not willful because Trinity's interpretation of the FCRA is not objectively unreasonable.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff's and/or the purported class members' claims against Trinity are barred because Plaintiff has not alleged sufficient injury-in-fact, causation, or redressability for Article III standing, either with respect to Plaintiff or members of any putative class.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff's and/or the purported class members' claims are barred in whole or part to the extent that Trinity's conduct was based upon a mistake of fact or law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's Complaint and the cause of action alleged therein are barred because the violations alleged, assuming such violations occurred, were not intentional but the result of bona fide errors notwithstanding the use of reasonable procedures that Trinity adopted.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's Complaint and the cause of action therein are barred because of an agreement by Plaintiff and/or the purported class members to submit any and all disputes with Trinity to binding arbitration.

## TWENTIETH AFFIRMATIVE DEFENSE

20.   The conduct complained of by Plaintiff and/or the purported class members was a result of the action or inaction of third parties over whom Trinity had no control.

## CROSS-CLAIM

### (Contractual Contribution and Indemnification)
### Trinity Logistics, Inc. v. Pinkerton Consulting and Investigations

1.     Trinity incorporates by reference the preceding paragraphs of its Answer as though the same were more fully set forth at length herein.

2.     Trinity incorporates by reference the allegations set forth in Plaintiff's Complaint, without admission or adoption of the same.

3.     On May 8, 2009, Trinity entered into a contract with Pinkerton, a copy of which is attached hereto as Exhibit 1.

4.     Pursuant to the contract, "Pinkerton shall be responsible only for the content and methods of obtaining the information supplied to [Trinity]." *See* Exhibit 1.

5.     To the extent that any liability is assessed against Trinity because of the content and methods of obtaining the information supplied to Trinity by Pinkerton, any such liability was the result of the actions or inactions of Pinkerton

WHEREFORE, Defendant, Trinity Logistics, Inc., demands judgment its favor and against Pinkerton Consulting and Investigations for contribution and/or indemnification, together with costs, fees, and whatever such relief as this Honorable Court may deem just and proper.

**GORDON REES SCULLY MANSUKHANI LLP**

/s/ Michael C. Heyden, Jr.
MICHAEL C. HEYDEN, JR.
DE Bar No. 5616
1201 N. King Street
Wilmington, DE 19801
302-992-8954
mheyden@grsm.com

*Attorneys for Defendant,*
*Trinity Logistics, Inc.*

Dated: June 26, 2018

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on June 26, 2018, a copy of the foregoing Answer was electronically filed and served on all counsel of record.

**GORDON REES SCULLY
MANSUKHANI LLP**

/s/ Michael C. Heyden, Jr.
MICHAEL C. HEYDEN, JR.
DE Bar No. 5616
1201 N. King Street
Wilmington, DE 19801
302-992-8954
mheyden@grsm.com
Attorneys for Defendant,
Trinity Logistics, Inc.