IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE,<br><br>Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TRINITY LOGISTICS, INC., TRINITY LOGISTICS HOLDINGS LLC, and PINKERTON CONSULTING AND INVESTIGATIONS<br><br>    Defendants. | Civil Action No. 17-cv-053-RGA |

MEMORANDUM ORDER

Pending before the Court are Doe's objections to an order of the Magistrate Judge which denied-in-part Doe's Motion to Compel Subpoena Responses. (D.I. 164). Nonparty Securitas Security Services USA, Inc. responded to Doe's objections. I have reviewed the briefing, as well as the transcript of the August 6, 2019 Discovery Dispute Conference. (D.I. 164, 165, 166, 172).

I. **BACKGROUND**

Doe (hereinafter, "Plaintiff") brings this action on behalf of herself and of the "Notice Class" of which she is a member, against Pinkerton Consulting and Investigations. She alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii), 1681k(a)(1), 1681c(a), 1681b(f), 1681e(a) and 1681e(b). (D.I. 38 at 21–30). Plaintiff alleges Defendants violated the FCRA by failing to provide her with pre-adverse action notice before Trinity Logistics, Inc. terminated Plaintiff's employment, relying on a consumer report generated and provided by Pinkerton. (*Id.* at 1–2). Pinkerton is a wholly-owned subsidiary of nonparty Securitas. (D.I. 12 at 1).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), a party may serve and file objections to a magistrate judge's order, for consideration by the district judge, within fourteen days after being served with a copy of the order. "In discovery matters, decisions of the magistrate judge are given great deference and will be reversed only for an abuse of discretion." *Norguard Ins. Co. v. Serveon Inc.*, 2011 WL 344076, at *2 (D. Del. Jan. 28, 2011).

## III. DISCUSSION

Plaintiff is seeking discovery of information from nonparty Securitas in accordance with her subpoena duces tecum. (D.I. 164 at 1; *see* D.I. 145, Ex. 1). Specifically, Plaintiff has requested:

> the identity or how to identify each employee and job applicant (not including medical, health, or family leave information) about whom [Securitas] obtained an employment purposed consumer report, including but not limited to documents also known as a background check, background report, NATCRIM results, and/or National Criminal Database search results, from Pinkerton since January 1, 2012.

(D.I. 165 at 1). As Pinkerton has completed 774,954 background checks for Securitas since January 1, 2012, the Magistrate Judge encouraged the parties to arrange a sampling of the documents rather than impose upon Securitas the burden of manually going through all of those documents. (D.I. 152 at 52:14–18). Accordingly, Plaintiff requested a random sample of files from two Securitas locations, totaling 400–600 files. (D.I. 164 at 1). Plaintiff also requested that her counsel be able to inspect the documents at the Securitas premises where they are stored. (*Id.* at 2). Securitas offered to deliver 100 files, 50 each from two Securitas locations, which would be redacted for personal identifiable information. (D.I. 165 at 2).

The Magistrate Judge ordered Securitas to produce a sampling of 100 files with a written explanation describing how the documents were selected, and denied Plaintiff's request for an

on-site inspection of the documents. The Magistrate Judge denied Plaintiff's request for an on-site inspection because Plaintiff cited no authority that would allow a party to do as much. (D.I. 166 at 37:8–16).

Plaintiff objects to the production of only 100 files and to the denial of her on-site inspection request. (D.I. 164 at 1). Rule 45 instructs that a "subpoena may command . . . inspection of premises at the premises to be inspected." Plaintiff argues that the plain language of Rule 45 gives her the "legal right to inspect the [subpoenaed] documents" at the Securitas premises, and that the Magistrate Judge erred in denying this request. (*Id.* at 4, 7). Plaintiff also argues that Rule 34(a)(2) authorizes her to review the subpoenaed documents on site at Securitas's premises. (D.I. 172 at 3).

I overrule Plaintiff's objections. The Magistrate Judge did not abuse her discretion in limiting production to 100 files. The Magistrate Judge also did not abuse her discretion in denying Plaintiff's request for an inspection of the subpoenaed documents at a Securitas location. Nothing in Rule 45 authorizes an on-site inspection of documents[1] and Plaintiff does not argue otherwise. Furthermore, while Rule 34 and Rule 45 are coextensive in their reach, *Gaskin v. Com. of Pennsylvania*, 1997 WL 734031, at *1 n.3 (E.D. Pa. Nov. 4, 1997), the inspection of documents for their content, rather than their physical characteristics, is plainly governed by Rule 34(a)(1) and not by Rule 34(a)(2). Rule 34(a)(2) is irrelevant to the present dispute, and Rule 34(a)(1) does not facially authorize on-site inspection of documents. Thus, the Magistrate Judge did not abuse her discretion in denying Plaintiff's request for an on-site inspection of

---

[1] Rule 45 permits a subpoena to require the recipient to "produce designated documents" and/or to "permit the inspection of premises," but not to "produce designated documents for inspection at premises." Fed. R. Civ. P. 45(a)(1)(A)(iii).

3

documents. Plaintiff's objections are therefore overruled, and the Magistrate Judge's ruling is affirmed.

## IV. CONCLUSION

For the above reasons, Plaintiff's objections (D.I. 164) are OVERRULED and the Magistrate Judge's ruling is AFFIRMED.

IT IS SO ORDERED this 4 day of November, 2019.

_____
United States District Judge